which the assignee could not do under the former sections.

It is not a strained construction to say that in this section as amended every sale, etc., made in contemplation of insolvency or with intent to prefer, or to hinder, delay or defraud, should be declared void as to creditors, and shall operate as an assignment, and in the event of a deed of assignment being filed within ninety days after such act, it shall be conclusively deemed fraudulent as to the assignee "upon proof shown" that the debtor was insolvent at the time of such act, whether the debtor or the creditor had knowledge of such insolvency at that time or not.

In this case under this statute, Summers being an insolvent at the time the chattel mortgage was given and the assignment having been made within the ninety days provided in the section, there was conclusively under this section, a design to prefer as to the pre-existing debt, and to that extent the chattel mortgage was properly declared void, but as to the money advanced at that time, it was not fraudulent or void, and does not come within this section of the statute. The amendment does not interfere with *bona fide* contracts and sales and so forth, where the relation of creditor and debtor did not theretofore exist, and there was no fraud in the transaction. Where creditors seek payment on security they must know the condition of the debtor, and if they take the risk of an assignment within ninety days, they do so with their eyes open.

Demurrer overruled.

The finding will, therefore, be that the New Vienna Bank is entitled to receive from the assignee the amount of $371.12 less legitimate expenses and no lien on the fund as to the balance of their claim, but it will be allowed as a claim in the general assignment, and the costs of this proceeding adjudged against the assignee.

*D. B. VanPelt* and *Mr. Moore,* for bank.

*Mills & Clevenger,* for assignee.

---

(Lorain Co., O., Common Pleas. April, 1901.)
## JOHNSON COMPANY ET AL. v. STEVEN KASZAS.

---

*Covenants against sale of liquor binding upon heirs and assigns—*

A covenant in a deed of city property, on the part of "grantee for himself and his heirs and assigns," that liquor shall not be sold upon the premises and "that all the foregoing covenants, stipulations and agreements, shall run with the land," is binding upon the party receiving the deed and upon his heirs and assigns, and may be enforced by injunction, in the absence of fraud and where it appears that covenants in deeds of other property in the neighborhood have not been violated or rights under such covenants forfeited.

Nye, J.

The plaintiffs, The Johnson Company and The Sheffield Land and Improvement Company, respectively, say that they are corporations, organized under the laws of the state of Ohio.

That on May 16, 1900, said plaintiff, The Sheffield Land and Improvement Company, was the owner of a lot of land described in the petition, but the legal title thereof was vested in the plaintiff, The Johnson Company, as trustee for said land company. On said day said plaintiff, The Johnson Company, for and on behalf of said plaintiff, The Sheffield Land and Improvement Company, as well as itself, duly made, executed and delivered to the defendant a warranty deed of said lot of land.

Plaintiff further says that the Sheffield Land and Improvement Company was the owner of a large tract of land, surrounding and in the vicinity of land so conveyed, a part of which had been subdivided into town lots by the predecessor of said plaintiff. The Sheffield Land Company, and said plaintiff, The Sheffield Land and Improvement Company, has ever since been and still is the owner of said tracts and lots above described, which it holds for sale for residence purposes.

Plaintiffs further say that the consideration moving from said defendant to said plaintiffs for the land being conveyed was the sum of $750 and the acceptance of said deed, containing the condition hereinafter set forth, and in words and figures, following:

"And as a further additional and valuable consideration for the above sale and conveyance, it is stipulated, covenanted and agreed on the part of said grantee for himself and his heirs and assigns, that liquor, whether spirituous, vinous or fermented, shall not be sold by grantee, his heirs or assigns at wholesale or retail upon said premises, and that all the foregoing covenants, stipulations and agreements shall run with the land."

Plaintiffs further say that if intoxicating liquors are sold upon the said lot conveyed to said defendant, that the sale thereof will decrease the value and injure the sale of other lots in the vicinity of the lot so sold and conveyed to said defendant.

Plaintiffs further say that said defendant threatens and is about to sell intoxicating liquors upon said lot so purchased by him of said plaintiffs, and if not restrained by an in-

junction said defendant will sell intoxicating liquors upon said lot.

Wherefore said plaintiffs ask that said defendant be enjoined from selling intoxicating liquors upon said lot during the pendency of this suit, and that upon final hearing said injunction may be made perpetual.

The defendant by his answer sets up several defenses to the cause of action stated in plaintiff's petition, but the real issues between the parties to this action are, that the plaintiff had no legal authority to make the restriction contained in the deed to said defendant; that said defendant had no knowledge at the time of receiving said deed of the restriction therein contained; that said restriction has no binding effect upon said defendant, and that the other property adjoining said lot conveyed to said defendant would not be injured by the sale of intoxicating liquors upon said lot.

Upon the trial of this case it is agreed between the parties that said clause prohibiting the sale of intoxicating liquors was contained in the deed which was delivered by said plaintiff, The Johnson Company, to said defendant, Steven Kaszas, and that said defendant intends to sell intoxicating liquors upon said lot if not restrained by an order of this court.

The testimony upon the trial of this case shows that the plaintiffs are the owners of a large tract of land in the vicinity of what is known as the "Steel Plant" at South Lorain, and that a large portion of said land has been surveyed and platted into village lots.

The proof further shows that the avenues at said South Lorain run east and west through that portion of the city, that on Tenth avenue is located the business portion of the city, and that the avenues numbered Eleventh, Twelfth, etc., run parallel to Tenth avenue, and are located south from said Tenth avenue, and that all of the lots on said other avenues so far as they have been sold and occupied, are occupied for residence purposes.

The proof upon the trial of this case shows that some of the lots upon Tenth avenue, the business part of said allotment, have been sold without any clause prohibiting the sale of intoxicating liquors upon said lots, and that upon some of said lots intoxicating liquors are now sold. Upon the other avenues and streets of said allotment substantially all of the lots which have been sold have been conveyed with a clause in the deed prohibiting the sale of intoxicating liquors thereon, similar to the clause in the deed in controversy.

The proof further shows that upon no other street, except Tenth avenue has any saloon been established or intoxicating liquors been permitted to be sold.

I am of the opinion that under the decisions in Ohio and many of the other states, a restriction prohibiting the sale of intoxicating liquors like the one contained in the deed in controversy, is binding upon the party receiving said deed and upon his heirs and assigns, and that the grantor is entitled to maintain an action and restrain the owner of said lot from selling intoxicating liquors upon such lot so long as said grantor sells all the lots upon said street and in said locality with such prohibition or restriction.

The proof in this case shows that the lot in controversy is located on Twelfth avenue, or Twelfth avenue extened, and is two blocks away from Tenth avenue, where saloons are located, and that up to the present time the grantors, the plaintiffs in this case, have sold all lots thereon with the restriction against the sale of intoxicating liquors upon said Twelfth avenue, and that no other saloon or place for the sale of intoxicating liquors has been established upon said Twelfth avenue.

I am therefore of the opinion under the proof in this case and the law as I find it to be, that said plaintiffs are entitled to maintain this action and have said defendants enjoined from selling intoxicating liquors upon the lot in question.

In *Stines* v. *Dorman*, 25 Ohio St., 580, the court holds that "A stipulation in a deed of conveyance, whereby the grantee, in part consideration for the conveyance agrees for himself, his heirs and assigns that the premises conveyed shall not be used or occupied as a hotel, so long as certain other property owned by grantor shall be used for that purpose, binds both the grantee and all claiming under him, and may in equity, be enforced by injunction."

The same doctrine is laid down in *McGuire* v. *Caskey*, 62 Ohio St., 419. See also *Hickey* v. *Railway Co.*, 51 Ohio St., 40.

The claim is made by the defendant upon the trial of this case, that the plaintiff, The Johnson Company, which made the deed to the defendant with the prohibitory clause therein, has no power under its charter to hold and convey real estate, and that therefore the defendant is not bound by the prohibitory clause in said deed.

I am of the opinion that when the defendant received his deed, he was bound by the conditions in said deed, and only received such title as the plaintiff, The Johnson Company, conveyed to him in said deed, with all the reservations and restrictions contained therein.

The defendant further claims that he had no knowledge of the prohibitory clause contained in said deed, and that therefore he is not bound thereby.

There is no allegation in the answer of the defendant that said prohibitory clause was fraudulently placed in said deed, and I am of the opinion that the defendant knew or had ample means of knowing the full import of the deed which he received, and that he is bound by all its provisions.

A decree will therefore be entered in this case restraining the defendant from selling intoxicating liquors upon said premises.

NOTE—On error to the circuit court this decision was affirmed.

*E. G. Johnson*, for Plaintiffs.

*Adams & Parks* and *Ben W. Johnson*, for Defendant.